IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SABRINA FULLER, *o/b/o N.N.F.*  PLAINTIFF

v.  3:15-CV-00125-JM-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Sabrina Fuller brought this action pursuant to 42 U.S.C. § 405(g), on behalf of her minor child, N.F.F., for review of the final decision of the Social Security Administration's denial of her claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3).

**I.  BACKGROUND**

On March 1, 2012, Plaintiff protectively filed an application for supplemental security income on behalf of her daughter, a child under eighteen, with an alleged disability onset date of February 2, 2009. (Tr. 59-60) The claim was denied initially on June 1, 2012, and upon

1

reconsideration on January 18, 2013. (Tr. 60-62)  Thereafter, Plaintiff filed a written request for a hearing on February 20, 2013.  An ALJ held a hearing on October 7, 2013, at which Plaintiff and her daughter appeared and testified. (Tr. 27-45)  At the time of the hearing, N.F.F. was fifteen years old and had completed the eighth grade. (Tr. 37)

On November 25, 2013, the ALJ rendered a decision finding Plaintiff's daughter was not disabled. (Tr. 8-22)  The ALJ found N.F.F. was adolescent age when Plaintiff filed her application, and when the ALJ rendered his decision. (Tr. 14)  *See* 20 C.F.R. § 416.926a(g)(2).  The ALJ found N.F.F. had never engaged in substantial gainful activity. (Tr. 14)  The ALJ determined Plaintiff's daughter had the following severe impairments: ADHD and borderline intellectual functioning. (Tr. 14)  The ALJ determined N.F.F.'s impairments or combination of impairments did not meet or medically equal a listed impairment. (Tr. 16)  Finally, the ALJ found N.F.F. did not have an impairment or combination of impairments that functionally equaled a listed impairment. (Tr. 16-21)  The ALJ stated, "The claimant does not have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." (Tr. 22)  Thus, the ALJ found N.F.F. had not been disabled since March 1, 2012, the date of Plaintiff's application. (Tr. 22)  When the Appeals Council concluded on March 2, 2015, that no basis existed for review of the ALJ's decision, the ALJ's decision became the Commissioner's final administrative decision subject to judicial review. (Tr. 1-3); *See* 42 U.S.C. § 405(g).

II.   **STANDARD OF REVIEW**

The role of the Court under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the decision of the Commissioner, and not to re-weigh the evidence or try the issues de novo.  *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).  If substantial

evidence supports the Commissioner's findings and they are conclusive, the Court should affirm them. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reverse a prior determination based only on a finding that substantial evidence would support an opposite decision. *See Prosch*, 201 F.3d at 1012; *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996). Consequently, the Court's review of this case is limited and deferential to the Commissioner. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996).

In determining whether an impairment or combination of impairments functionally equals the listings, the ALJ must have assessed the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating items; (5) caring for themself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

To functionally equal a listed impairment, the plaintiff's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.924(d). Plaintiff has the burden of proving her disability. *See* 42 U.S.C. § 1385c(a)(3)(A); *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997). A claimant must meet all of the specified medical criteria of the particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The standard for medical equivalency is similarly demanding. In order to equal a listing, plaintiff must present medical findings equal in severity to all the criteria of the listed impairment. *Marciniak v. Shalala*, 49 F.3d 1350, 1351 (8th Cir. 1995) (citing *Sullivan*, 493 U.S. at 530 (an impairment does not meet or equal a listing if it has only some of the medical criteria, no matter how severe)).

After careful consideration of the record and pleadings in this case, I find the decision of the Commissioner is supported by substantial evidence.

### III.     ANALYSIS

In support of the Complaint, Plaintiff raises the following issue: whether substantial evidence supports the ALJ's Step Three decision that Plaintiff's impairments did not meet or medically equal the requirement of any listed impairment. (Doc. No. 11) She contests the decision of the Commissioner for the following reasons: (1) not finding Plaintiff met Listing 112.05 (mental retardation) because she had a valid full scale IQ score under 70; (2) not finding Plaintiff met Listing 112.11 ("ADHD") because she possessed "marked" inattention, impulsiveness, and hyperactivity; (3) not evaluating whether Plaintiff's alleged oppositional defiant disorder ("ODD") met the requirements of Listing 112.02; and (4) not evaluating whether Plaintiff's alleged depression met the requirements of Listing 112.04. *Id.*

#### A.     Listing 112.05 (mental retardation)

A finding for Listing 112.05 requires Plaintiff have a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation to function." 20 C.F.R. Pt. 404, Subpt. P, App 1, § 112.05. In addition to a valid IQ score, Listing 112.05 requires a claimant to present exact or equivalent medical findings documenting, among other things, "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." *Id.*

During a consultative examination in November 2012, Plaintiff attained a Verbal Comprehension Index score of 69; Perceptual Reasoning Index score of 63; Working Memory Index score of 65, Processing Speed score of 91 with a full scale IQ of 65. (Tr. 306-307) However, ALJ

specifically noted this was a product of "poor effort." (Tr. 308) The consultative examiner described Plaintiff's effort during the exam as "fluctuating," and the ALJ noted the examiner reported functioning in the "average" range in reading on the Woodstock Johnson-III examination. (Tr. 307-308) The consultative examiner explicitly reported Plaintiff's scores were "not considered reliable" due to "weak effort." (Tr. 307-308) Accordingly, the ALJ chose not to accept Plaintiff's IQ scores when evaluating her impairments at Step Three of the sequential evaluation process because they were not medically reliable and were the result of poor effort. (Tr. 307)

The record supports the ALJ's conclusion on this point. And an ALJ may reject a claimant's IQ score if it is inconsistent with the record, the claimant's daily activities, or with other medical reports. *See Clay v. Barnhart*, 417 F.3d 922, 928 (8th Cir. 2005) (claimant did not put forth serious effort); *Muncy v. Apfel*, 247 F.3d 728, 733 (8th Cir. 2001) (score result of one-time examination, inconsistent with self-reported activities).

### B.     Listing 112.11(ADHD)

A finding of disability under the listing 112.11 for Attention Deficient Hyperactivity Disorder ("ADHD") requires medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity. A child possesses a marked limitation when her impairments interfere seriously with their ability to "independently initiate, sustain, or complete activities." *Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 651 (8th Cir. 2004) (quoting 20 C.F.R. § 416.926a).

Plaintiff argues the ADHD diagnosis by her treating physician, Chris Patton, M.D., and a Focalin prescription from James L. Franks, M.D., support her claim of disability under listing 112.11. (Doc. No. 11 at 4-5) Although Plaintiff correctly points out that opinions of her treating doctor are entitled to substantial weight, this evidence fails to satisfy the listing requirement. To satisfy listing 112.11, as the Commissioner points out, the evidence must show marked inattention,

impulsiveness, and hyperactivity. The evidence simply fails to show marked limitation in these areas. To the contrary, the consultative examination by Kenneth Jones, Ph.D., reported Plaintiff possessed "average" concentration and appropriate capacity to sustain persistence in completing tasks. (Tr. 309) While Dr. Jones reported Plaintiff seemed "irritable," he also reported her overall mood was calm and stable with no sign of mood or anxiety problems. (Tr. 306) Dr. Jones's report supports the ALJ's conclusion that Plaintiff did not possess "marked" limitations in inattention, impulsiveness, or hyperactivity, as Listing 112.11 requires. I find no basis to overturn the ALJ's decision on this point.

    **C.**    **Listing 112.02 and 112.04  (oppositional defiant disorder and depression)**

Plaintiff alleged she suffers from Oppositional Defiant Disorder ("ODD"), and Organic Mental Disorder under Listing 112.02. The required level of severity for these disorders requires developmental arrest, delay or regression which is evidenced by the claimants age and grade level. To meet the requirements of these listings, a child in Plaintiff's age range must show she has at least two "marked" findings in cognitive function, social functioning, or personal functioning. 20 C.F.R. Pt. 404, Subpt. P, App 1, §§ 112.02, 112.04.

As evidence, Plaintiff indicates she is seventeen, in the ninth grade, and demonstrates difficulties in school. Proof of difficulties in school include teacher reports about not focusing or paying attention, a three-day suspension in the fall of 2012, bothering other students, not following orders, and maintaining a "D" grade average. (Tr. 182-203) Plaintiff argues this is evidence of marked impairment in age appropriate cognitive function and marked difficulties maintaining concentration, persistence, and pace. (Doc. No. 11 at 5)

Plaintiff also alleges she suffers from Depression under Listing 112.04. The requirements for the listing include medically documented persistence, either continuous or intermittent of major

6

depressive syndrome characterized by at least five of the following: (1) depressed or irritable mood; (2) marked diminished interest or pleasure in almost all activities; (3) appetite or weight increase or decrease, (4) failure to make expected weight gains; (5) sleep disturbance; (6) psychomotor agitation or retardation; (7) fatigue or loss of energy; (8) feelings of worthlessness or guilt; (9) difficulty thinking or concentrating; (10) suicidal thoughts or acts; or (10) hallucinations, delusions, or paranoid thinking. Additionally, to meet the requirements of these listings, a child in Plaintiff's age range must show she has at least two "marked" findings in cognitive function, social functioning, or personal functioning. 20 C.F.R. Pt. 404, Subpt. P, App 1, §§ 112.02, 112.04.

The ALJ did not explicitly evaluate Plaintiff's alleged depression and ODD at Step Three of the sequential evaluation, but the failure to do so may be irrelevant if the record supports the ALJ's overall Step Three conclusion. *See Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir. 2003) (failure to [address a specific listing] is not reversible error if the record supports the overall conclusion). And, as the Commissioner notes, Plaintiff alleged disability based only on ADHD, and not ODD or depression. (Tr. 124) Furthermore, the record reflects a less than marked limitation in the areas of functioning. For example, Dr. Franks reported in August and November 2010, that Plaintiff was taking Focalin for ADHD and "doing well" at home and in school. (Tr. 222-223, 229-230, 236) Furthermore, Ross Collins, Jr., M.D., examined Plaintiff in February 2012 and assigned a Global Assessment of Functioning score of 52 - meaning only "moderate" limitations in social and school functioning. (Tr. 282) And, the state agency medical consultant reviewed Plaintiff's record and reported "less than marked" limitations in the areas of attending and completing tasks, acquiring and using information, and interacting and relating with others. (Tr. 290) "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the Act."

Social Security Ruling 96-6p; 20 C.F.R. § 416.927(e)(2). So their opinions may be considered substantial evidence.

Additionally, the record shows Dr. Jones reported Plaintiff had an overall calm mood without sign of mood or anxiety problems, had goal-directed thought processes, had normal thought content, was in the "average" range for reading ability, and "low average" range for math. (Tr. 305-308) In addition, Dr. Jones reported Plaintiff did not meet the criteria for a diagnosis of a learning disorder when measuring her cognitive functioning abilities under the WISC-IV. (Tr. 308)

Plaintiff was later diagnosed with depression characterized by the inability to find pleasure in positive things combined with physical agitation, insomnia, or decreased appetite; emotional behavior inappropriate for one's age or circumstances characterized by unusual excitability, guilt, anxiety or hostility. (Tr. 360) However, this does not indicate the necessary persistence of symptoms or a "marked" diminished interest.

## IV.     CONCLUSION

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 7th day of March, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE